FILED

JAN 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50238 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-02546-AJB-1 |
| v. | |
| DELILAH GUADALUPE DIAZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted December 8, 2022**
Pasadena, California

Before: BEA, IKUTA, and CHRISTEN, Circuit Judges.

Defendant-Appellant Delilah Diaz appeals a jury verdict finding her guilty of importing methamphetamine in violation of 21 U.S.C. §§ 952 and 960. Diaz appeals her conviction on four main grounds, alleging that the district court erred

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by: (1) admitting only some clips from the recording of her post-arrest interview; (2) precluding Diaz from arguing an adverse inference arising from the government's decision not to introduce the entire recording; (3) excluding a witness the defense untimely disclosed in the middle of the trial; and (4) admitting the government expert's testimony. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's rulings.

    1. Diaz argues that the district court erred by denying her motion in limine seeking the admission of the entire recording of her post-arrest interview. She identifies six unplayed clips of the recording that were relevant for a non-hearsay purpose and, in her view, should have been admitted. We review de novo the district court's interpretation of the hearsay rule but review for abuse of discretion the district court's rulings on objections based on hearsay, prejudice, and the rule of completeness. *See United States v. Gomez*, 6 F.4th 992, 1007 (9th Cir. 2021); *United States v. Town of Colorado City*, 935 F.3d 804, 807 (9th Cir. 2019); *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). In the district court, Diaz did not identify particular excerpts of the recording that were relevant for non-hearsay purposes, and sought only to "admit the entire [recording of her statement] if the government seeks to play any portion thereof" to show how the interrogating

2

officer's "adversarial tone" affected Diaz's answers and to "provide a full picture of what happened." When it denied that motion, the court noted that the recording contained hearsay but was clear that the entire video was inadmissible merely to show the context of the interview. The rule of completeness permits the introduction of the remainder of an excerpted statement to prevent the factfinder from being misled by the excerpted portion that is introduced. *See Vallejos*, 742 F.3d at 905. The district court did not err by ruling that context is an insufficient justification for admitting the entirety of Diaz's interview. *See United States v. Dorrell*, 758 F.2d 427, 434–35 (9th Cir. 1985). When the district court denied the motion in limine, it explicitly invited Diaz to offer any specific clips at trial that were admissible under either Rule 106 or any of the hearsay exceptions. Diaz declined to do so. When the government played its clips at trial, Diaz neither objected to them nor sought to introduce the six clips she identifies for the first time on appeal. Diaz thus forfeited the opportunity to challenge the denial of the motion in limine to the extent it prevented her from offering any additional portions of the recording. *See Adkins v. Mireles*, 526 F.3d 531, 542–43 (9th Cir. 2008).

    2. Diaz contends the court erred by precluding her from making an adverse inference argument based on the government's decision not to introduce the entire

3

recording. We review limitations on the scope of closing argument for abuse of discretion. *United States v. Lazarenko*, 564 F.3d 1026, 1043 (9th Cir. 2009). As the district court explained, "I ruled certain portions of these [video clips] can be shown and certain portions cannot. And the *parties* are limited to showing what I am allowing. It's not *their* doing. It's mine" (emphasis added). The court did not abuse its discretion by ruling that the defense's efforts to attribute the absence of the entire recording to the government was improper argument. *See United States v. Doe*, 705 F.3d 1134, 1149 (9th Cir. 2013) (observing that it "is well within the court's discretion" to "prevent[] [the defendant] from arguing incorrect statements"). The court instructed the jury that both parties were presenting only as much of the video as the court had admitted, and Diaz assented to this instruction. Diaz's challenge to the district court's limitation on the scope of her closing argument therefore fails.

    3. Diaz contends the district court violated her Sixth Amendment rights by excluding the cell phone witness, whom Diaz identified for the first time during the lunch recess on the second day of trial. The district court excluded this witness as a discovery sanction, which we review for abuse of discretion. *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1189 (9th Cir. 2022). We see no error. The court had, on Diaz's motion, set a cut-off date two months before trial for "all remaining

4

disclosures [and] discovery" and specified that, after that date, "anything new" would not be admitted without "a showing that despite the exercise of reasonable diligence it couldn't have been produced sooner." Although Diaz cites *United States v. W.R. Grace*, 526 F.3d 499, 509 n.7 (9th Cir. 2008) (en banc), in support of her argument that the court's discovery order exceeded its authority, we need not reach Diaz's constitutional challenge. Diaz requested a discovery cut-off and the exclusion sanction was within district court's inherent power to achieve the orderly and expeditious disposition of its cases, which includes "broad discretion . . . to exclude testimony of witnesses whose use at trial is in bad faith or would unfairly prejudice an opposing party." *S.M. v. J.K.*, 262 F.3d 914, 919 (9th Cir. 2001), *amended*, 315 F.3d 1058 (9th Cir. 2003). The district court observed that the defense's untimely disclosure of the witness in the middle of the second day of trial was "last-minute sandbagging," "intent[ional]," and "unfair." The district court did not abuse its discretion by excluding the witness. *See Taylor v. Illinois*, 484 U.S. 400, 415–16 (1988) (rejecting a criminal defendant's argument that preclusion of a defense witness is never a permissible sanction for an intentional discovery violation).

4. Diaz argues the district court erred by admitting the government expert's modus operandi testimony on drug trafficking organizations' use of unknowing

5

couriers.  We review objections to the admissibility of expert testimony for abuse of discretion.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999).  Diaz argues that the court's reliability finding was improper.  A district court "abdicates its gatekeeping role, and necessarily abuses its discretion, when it makes no reliability findings," but the district court has "flexibility" in "how to determine reliability."  *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020) (emphasis omitted).  Here, the district court made a reliability finding on the record that mentioned not only the expert's qualifications, but also his "technical or specialized knowledge," "training[] and experience," and "a reliable methodology."  The court also noted that it had heard this particular expert testify "at least ten times" before.  Diaz contends that the expert testimony was irrelevant and unduly prejudicial, but we have held that this type of modus operandi evidence is relevant when a defendant puts on an unknowing courier defense because it goes "right to the heart of" that defense.  *United States v. Murillo*, 255 F.3d 1169, 1177 (9th Cir. 2001), *abrogated on other grounds by Muehler v. Mena*, 544 U.S. 93 (2005).  Diaz "opened the door" to expert testimony by calling her own expert to testify to facts that supported her blind mule defense.  *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1072-73 (9th Cir. 2011).  Finally, Diaz argues that testimony that drug trafficking organizations rarely use unknowing couriers is

the "functional equivalent" of a prohibited opinion on mental state. This is contrary to our precedent. Diaz is correct that the Fifth Circuit has adopted this view, *see, e.g.*, *United States v. Gutierrez-Farias*, 294 F.3d 657, 663 (5th Cir. 2002), but we have allowed such testimony so long as the expert does not provide an "explicit opinion" on the defendant's state of mind, *see, e.g.*, *United States v. Gomez*, 725 F.3d 1121, 1128 (9th Cir. 2013) (citation and internal quotation marks omitted), and the expert did not do so here. Diaz's challenges to the expert witness's testimony therefore fail.

    **AFFIRMED.**